United States Court of Appeals,

Eleventh Circuit.

No. 94-6117.

Garshasb Hamid FARSIAN, Plaintiff-Respondent,

v.

PFIZER, INC., Shiley, Inc., Defendants-Petitioners.

Oct. 16, 1996.

Appeal from the United States District Court for the Northern District of Alabama (No. CV 92-G-2646-S); J. Foy Guin, Jr., Judge.

Before HATCHETT, Chief Judge, COX, Circuit Judge, and JOHNSON[*], Senior Circuit Judge.

PER CURIAM:

We permitted an interlocutory appeal in this case pursuant to 28 U.S.C. § 1292(b) to review the propriety of the district court's denial of the defendants' motion for summary judgment. We concluded that the appeal involved a question of Alabama law that was determinative and unanswered by controlling precedent in Alabama. *Farsian v. Pfizer, Inc.,* 52 F.3d 932 (11th Cir.1995). We certified the following question to the Supreme Court of Alabama:

> DOES A HEART VALVE IMPLANTEE HAVE A VALID CAUSE OF ACTION FOR FRAUD UNDER ALABAMA LAW IF HE ASSERTS THAT THE VALVE'S MANUFACTURER FRAUDULENTLY INDUCED HIM TO HAVE THE VALVE IMPLANTED WHEN THE DAMAGES THAT HE ASSERTS DO NOT INCLUDE AN INJURY-PRODUCING MALFUNCTION OF THE PRODUCT BECAUSE THE VALVE HAS BEEN AND IS WORKING PROPERLY?

*Id.* at 934. The Supreme Court of Alabama has now answered the question in the negative. *Pfizer, Inc. v. Farsian,* No. 1941153, --- So.2d ---- (Ala. Aug. 30, 1996). The judgment of the district

---

[*]Judge Johnson was a member of the panel that heard oral argument in this case, but did not participate in this decision. This decision is rendered by quorum. 28 U.S.C. § 46(d).

court is therefore REVERSED and this action is DISMISSED for failure to state a claim.

REVERSED and RENDERED.